UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff-Respondent,

v.

FRANKIE HILL, JR.,
Defendant-Petitioner.

Case No.: 3:01-cr-00141-GPC
3:16-cv-01536-GPC

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**[ECF No. 434]**

Petitioner Frankie Hill, Jr., has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 434.) The petition is fully briefed. Respondent, the United States of America, filed a response on January 25, 2017 (ECF No. 443), and Petitioner filed a reply on February 10, 2017 (ECF No. 446). Based on the reasoning below, the Court DENIES Petitioner's motion.

## I. Background

On September 8, 2001, a grand jury returned a superseding indictment charging Petitioner and others with 13 counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and 12 counts of aiding and abetting the use and carrying of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). (ECF

No. 434 at 2.) Petitioner pleaded guilty to two counts of aiding and abetting the use of a firearm during a crime of violence. (*Id.* at 2–3.) The Court sentenced Petitioner to 25 years imprisonment: five years under the mandatory minimum set forth in § 924(c) as a result of the first violation, and an additional consecutive 20 years under the mandatory minimum in § 924(c)(1)(C) as a result of the second violation. (*Id.* at 3.) Subsequent successful petitions by Petitioner resulted in the Court amending Petitioner's sentence to two concurrent terms of 20 years. (*Id.*)

On June 25, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), holding that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. On April 18, 2016, the Supreme Court held that *Johnson II* announced a substantive rule that has retroactive effect on cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016). On June 17, 2016, Petitioner protectively filed this § 2255 motion. (ECF No. 434.) Because the motion is successive, Petitioner also sought authorization from the Ninth Circuit to file the motion here. On November 22, 2016, the Ninth Circuit granted Petitioner authorization to file the motion. *Hill v. United States*, No. 16-71476, ECF No. 3 (9th Cir.).

## II. Legal and Statutory Framework

### A. Standard under 28 U.S.C. § 2255

Section 2255 authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an

omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### B. The *Johnson II* Ruling and its Implications

In *Johnson II*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA for "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because that provision is unconstitutionally vague. 135 S. Ct. at 2555, 2563. The Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. The Court explained that "[w]e are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The Court expressly stated, however, that its decision did not apply to the remainder of the ACCA's definition of violent felony or the four enumerated offenses. *Id.* It also rejected the position that "dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt" by responding, "[n]ot at all." *Id.* at 2561.

18 U.S.C. § 924(c) is a different sentencing enhancement provision that provides a series of mandatory consecutive sentences for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking crime."[1] Section 924(c)(3) defines the term

---

[1] Section 924(c)(1)(A)(i) provides:

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or

"crime of violence" as:

> an offense that is a felony and--
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Court refers to subsection 924(c)(3)(A) as the "force clause," and subsection 924(c)(3)(B) as the "residual clause." A currently pending Ninth Circuit case will determine whether, in light of *Johnson II*, § 924(c)'s residual clause is unconstitutionally vague. *See United States v. Begay*, No. 14-10080 (9th Cir.).

## III. Discussion

### A. Waiver

Respondent argues that Petitioner waived his right to collaterally attack his sentence in his written plea agreement. The Court disagrees.

Petitioner signed his plea agreement and initialed each page. (ECF No. 444-2.) He specifically waived any right to appeal or to collaterally attack his conviction and sentence. (*Id.* at 10.) Waivers of appellate rights, if knowing and voluntary, are "regularly enforce[d]." *United States v. Gordon*, 393 F.3d 1044, 1050 (9th Cir. 2004). However, an appeal waiver will not apply if the defendant's sentence is "illegal, which

---

> carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years.

Subsection 924(c)(1)(C) currently states: "[i]n the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years."

includes a sentence that violates the Constitution." *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) (internal quotation marks omitted). Here, if Petitioner were to prevail on his argument that § 924(c)(3) is void for vagueness, his sentence would violate the Constitution. As a result, Petitioner did not waive this challenge to his sentence.

**B. Procedural Default**

Respondent also argues that Petitioner has procedurally defaulted his vagueness challenge to § 924(c)(3)(B) by failing to raise this issue on direct appeal. The Court again disagrees.

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). There is, however, "an exception if a defendant can demonstrate both 'cause' for not raising the claim at trial, and 'prejudice' from not having done so." *Id.* at 351. "[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim" on appeal. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks omitted). Cause can be demonstrated by "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Id.* at 494. "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim . . ." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The Supreme Court has held that a novel rule meets this standard when "a decision of this Court . . . explicitly overrule[s] one of [its] precedents." *Id.* at 17.

With respect to Petitioner's position, *Johnson II* expressly overruled Supreme Court precedent. *See* 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's

guarantee of due process. Our contrary holdings in *James*[1] and *Sykes*[2] are overruled.”). Therefore, Petitioner has demonstrated cause. *See e.g.*, *Alvarado v. United States*, No. CV 16-4411-GW, 2016 WL 6302517, at *3 (C.D. Cal. Oct. 14, 2016) (Petitioner established cause based on *Johnson II* ruling); *United States v. Casas*, No. 16-cv-1339-BTM, 2017 WL 1008109, at *2 (S.D. Cal. Mar. 14, 2017) (cause established based on *Johnson II*).

“If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating ‘not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.’” *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (emphasis in original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). In this case, if Petitioner were to prevail on his motion, his sentence would be unconstitutional. To determine whether that is the case, the Court must turn to the merits.

**C. Merits**

Petitioner argues that his sentence is unconstitutional because the residual clause in § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson II*. Without ruling on that issue, the Court DENIES Petitioner’s motion because bank robbery in violation of 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)’s force clause. *See* 18 U.S.C. § 924(c)(3)(A). As bank robbery under § 2113(a) is a lesser included offense of armed bank robbery in violation of § 2113(d), Petitioner’s convictions were crimes of violent under § 924(c)(3)(A). Because the Court need not reach the issue of whether § 924(c)’s residual clause is unconstitutionally vague, the Court DENIES as moot Respondent’s

---

[1] *James v. United States*, 550 U.S. 192 (2007)

[2] *Sykes v. United States*, 564 U.S. 1 (2011)

request to stay these proceedings until the Ninth Circuit issues a decision in *United States v. Begay*, No. 14-10080.

Petitioner concedes that the Ninth Circuit has previously held that bank robbery in violation of § 2113(a) is a crime of violence under § 924(c)(3)(A). *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *United States v. Selfa*, 918 F.2d 749, 751–52 (9th Cir. 1990). Nonetheless, Petitioner contends that intervening Supreme Court and *en banc* Ninth Circuit cases have abrogated *Wright* and *Selfa*. The Court disagrees.

First, Petitioner argues that the Supreme Court altered the relevant analysis through its decision *Johnson v. United States*, 599 U.S. 133 (2010) ("*Johnson I*"). Petitioner argues that *Johnson I* abrogated *Wright* and *Selfa* because it makes the categorical analysis in those cases incorrect. Categorical analysis determines whether a predicate offense qualifies for a certain penalty enhancement. In this context, the categorical approach requires the Court to "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the general federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015). To be a categorical match, the elements of the predicate offense must not "criminalize a broader swath of conduct" that then generic definition; if they do, the "felony can't qualify as a crime of violence, even if the facts underlying [the] conviction might satisfy § [924(c)(3)(A)'s] definition." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014). In *Johnson I*, the Court clarified that "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. The Ninth Circuit has stated that *Johnson I*'s "violent force" gloss applies to the language used in § 924(c)(3)(A). *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 854 (9th Cir. 2013) (with respect to the identical language used in 18 U.S.C. § 16(a), "we give the term its ordinary meaning, which in this context is 'violence force,' or 'force capable of causing physical pain or injury to another person" (quoting

*Johnson I*)).

Second, Petitioner points to *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and the related *en banc* decision in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006), which held: "to constitute a federal crime of violence an offense must involve the intentional use of force against the person or property of another." Petitioner appears to argue that these holding abrogate *Wright* and *Selfa* because the courts in *Wright* and *Selfa* did not consider whether federal bank robbery is a general intent crime.

Put more simply, Petitioner argues that intervening authority has abrogated *Selfa*'s and *Wright*'s conclusions that bank robbery is a crime of violence under § 924(c)'s force clause because bank robbery need not entail (1) threatened use of *violent* force, or (2) an *intentional* use or threatened use of physical force. (ECF No. 434 at 6–11.) This Court joins the very long (and apparently unanimous) list of post-*Leocal* and post-*Johnson I* decisions within and outside this circuit rejecting these arguments. *See, e.g.*, *United States v. Cross*, 691 F. App'x 312, 312–13 (9th Cir. 2017) ("[N]o intervening higher authority is clearly irreconcilable with *Selfa* and *Wright*, and those precedents are controlling here." (internal quotation marks omitted)); *United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016); *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016); *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016); *United States v. Lopez-Galvan*, 1:99-cr-5338-1-LJO, 2017 WL 3896304, at *3–7 (E.D. Cal. Sept. 6, 2017); *United States v. Salinas*, No. 1:08-cr-0338-LJO-SKO, 2017 WL 2671059, at *2–7 (E.D. Cal. June 21, 2017); *McFarland v. United States*, No. CV 16-7166-JFW, 2017 WL 810267, at *5–7 (C.D. Cal. Mar. 1, 2017); *United States v. Torres*, No. 1:11-cr-0448-LJO-SKO, at *2–5 (E.D. Cal. Jan. 31, 2017); *United States v. Suggs*, No. 2:05-cr-00319-RCJ-PAL, 2017 WL 58562, at *2–3 (D. Nev. Jan. 4, 2017); *Daniels v. United States*, No. 11-cr-470-H, 2016 WL 6680038, at *3 (S.D. Cal. Nov. 14, 2016); *United States v. Abdul-Samad*, No. 10-cr-2792 WQH, 2016 WL 5118456, at *4–5 (S.D. Cal. Sept. 21, 2016); *United States v.*

*Watson*, No. CV 15-00313 DLW-KSC, 2016 WL 866298, at *7 (D. Haw. Mar. 2, 2016); *see also United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (holding that Hobbs Act robbery falls within § 924(c)(3)(A) by way of analogy to § 2113(a)).

Federal bank robbery clearly requires the use or threat of *violent* physical force. Petitioner argues that one can "intimidate" under § 2113(a) without threatened violent force. The Court disagrees. For purposes of § 2113(a), "intimidation" means "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *Selfa*, 918 F.2d at 751. That is sufficient to satisfy *Johnson I*'s violent-force requirement. *See, e.g.*, *Cross*, 691 F. App'x at 312–13 ("[I]ntimidation under § 2113(a) requires the necessary level of violent physical force as defined by *Johnson* [*I*]."). Petitioner also suggests that a defendant could be convicted of violating § 2113(d) under an intimidation theory even if the gun used was unloaded, inoperable, or even a toy. (ECF No. 434 at 8.) The operability of any weapon, however, makes no difference in this context because to intimidate sufficiently for purposes of § 2113(a), one must create a reasonable fear of bodily harm. If the gun used during the robbery is a toy or otherwise inoperable, the only way the defendant could be convicted would be if the victim reasonably thought that the gun was operable. If that is the case, the defendant "threatened use of physical force." 18 U.S.C. § 924(c)(3)(A). In short, if it's a threat for purposes of § 2113(a), it's a threat for § 924(c)(3)(A). *See McNeal*, 818 F.3d at 153 ("The logic . . . is straightforward. A taking 'by force and violence' entails the use of physical force. Likewise, a taking 'by intimidation' involves the threat to use such force.").

Violating § 2113(a) also requires the *intentional* use or threat of violent force. Petitioner's argument to the contrary "fails because federal courts, including the Supreme Court, have consistently held that a defendant cannot be convicted of taking property by intimidation if the defendant did not know that his actions were intimidating." *Salinas*,

2017 WL 2671059, at *5 (citing, *e.g.*, *Carter v. United States*, 530 U.S. 255, 268 (2000)). As stated above, the court in *Selfa* stated explicitly that intimidation under § 2113(a) means *willfully* creating a scenario in which another would reasonably fear bodily harm. 918 F.2d at 751. A person convicted of violating § 2113(a) therefore must have, at minimum, intended to threaten violent force against the victim. *See Cross*, 691 F. App'x at 313 (rejecting the same argument because "as a general intent statute, conviction under § 2113(a) requires intentional use or threatened use of force"); *McNeal*, 818 F.3d at 155–16 (same); *McBride*, 826 F.3d at 296 ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force.").[2]

---

[2] In his reply brief, Petitioner offers a brand new argument. He contends that § 2113(a) is overbroad in light of its second paragraph, which states that one can commit bank robbery also by entering a financial institution with the intent to commit larceny or a federal crime. (Pet.'s Reply Mem., ECF No. 446 at 11–14.) Arguments offered for the first time in a reply brief are not considered because the nonmoving party has no opportunity to respond. *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1176 (S.D. Cal. 2012). The Court therefore refuses to consider Petitioner's newly-raised argument.

But even if it did consider Petitioner's new argument, the Court would reject it. Section 2113(a)'s two paragraphs offer two different means of committing federal bank robbery: (1) taking, or attempting to take, property or money by force and violence or intimidation ("Paragraph 1"), or (2) entering a financial institution with the intent to commit larceny or a federal felony ("Paragraph 2"). These alternative means of violating § 2113(a), contrary to Petitioner's argument, are "elements" in the context of categorical analysis. *See e.g.*, *McBride*, 826 F.3d at 296 ("Section 2113(a) seems to contain a divisible set of elements, only some of which constitute violent felonies—taking property from a bank by force and violence, or intimidation, or extortion on one hand and entering a bank intending to commit any felony affecting it (e.g., such as mortgage fraud) on the other."). The Court agrees with the many decisions issued after the Supreme Court's latest opinion regarding divisibility, *Mathis v. United States*, 136 S. Ct. 2243 (2016), finding that § 2113(a)'s paragraphs enumerated different *elements*, making it divisible for purposes of the categorical approach. *See, e.g.*, *United States v. McGuire*, 678 F. App'x 643, 645 & n.4 (10th Cir. 2017) ("Because § 2113(a) is divisible, we apply the modified categorical approach to determine which elements of the statute formed the basis of McGuire's conviction."); *United States v. Hope*, No. CR 07-91-GF-CCL, 2017 WL 1164352, at *12 (D. Mt. Mar. 28, 2017) (the second paragraph in § 2113(a) "provides another set of elements that are divisible from the first

## IV. Certificate of Appealability

A Petitioner may not appeal the denial of a § 2255 motion unless he first receives a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* §2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the unanimity among the large number of courts that have rejected Petitioner's exact arguments, the Court concludes that reasonable jurists could not find that bank robbery is not a crime of violence under § 924(c)'s force clause. The Court therefore DENIES Petitioner a certificate of appealability.

## V. Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence (ECF No. 434) is **DENIED**. The Court also **DENIES** Petitioner a certificate of appealability. The Court **DENIES as moot** Respondent's request for a stay of these proceedings.

---

paragraph"); *Kucinski v. United States*, No. 16-cv-201-PB, 2016 WL 4444736, at *2 n.3. (D.N.H. Aug. 23, 2016) ("It is clear that the 'entering' portion of § 2113(a) sets forth a distinct set of elements, and is divisible under *Descamps*."). Having found § 2113(a) divisible, the Court would next use the modified categorical approach, in which it would look to authorized documents such as Petitioner's plea agreement to determine whether Petitioner was convicted under Paragraph 1 or Paragraph 2 of § 2113(a). *See Shepard v. United States*, 544 U.S. 13, 26 (2005). Petitioner's plea agreement makes clear that he was convicted under Paragraph 1. (*See* ECF No. 444-2 at 3 ("Defendant took from a bank employee money belonging to the bank; . . . [and] used force, violence and intimidation in doing so . . ."). For the reasons explained above, Paragraph 1 is a crime of violence under § 924(c)(3)(A). Petitioner's new argument therefore offers no support for his motion.

**IT IS SO ORDERED.**

Dated: November 28, 2017

Hon. Gonzalo P. Curiel
United States District Judge